DUNCAN, County Atty., et al.

v.

JEFFERSON COUNTY FISCAL COURT et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Lawrence G. Duncan, County Atty., Louisville, J. W. Jones, Asst. County Atty., Louisville, for appellants.

Samuel Steinfeld, Stewart J. Miller, Louisville, for appellees.

COMBS, Justice.

The question is whether the Jefferson County Fiscal Court can legally supplement the compensation paid by the state to the Honorable Joseph J. Hancock for services as special judge. The lower court held that it could.

Honorable J. Ward Lehigh, one of the regular judges of the Jefferson Circuit Court, has been unable by reason of illness to perform the duties of his office since February, 1953. Judge Hancock was appointed special judge by the Chief Justice of this Court and served for several months in that capacity.

It is provided by KRS 23.290 that a special judge "shall be paid for his services such sum per day as would be the equivalent of the rate of compensation received from the State Treasury by the regular judge if computed on a daily basis". The compensation of a regular circuit judge, payable out of the State Treasury, is $7,500 per year. KRS 64.490. The constitutional limit on the compensation of a circuit judge is $8,400 per year. Constitution of Kentucky, section 246, as amended in 1948. The Jefferson County Fiscal Court adopted a resolution in March, 1953, directing the county treasurer to pay monthly to Judge Hancock, so long as he served as special judge, such sum as represents the difference between the amount received by him from the state and the sum of $700 per month. As authority for its action the fiscal court relies on KRS 64.500. That section reads in part:

"The fiscal court of any one or more counties located in any judicial district may allow and pay to the judge or judges of the circuit court of the district, out of the county treasury, such annual compensation, in addition to that paid by the state under KRS 64.-490, as the fiscal court deems just and proper, within the constitutional limit on the compensation of circuit judges. * * *"

The county attorney of Jefferson County questions the legality of the resolution, his position being that KRS 23.290, which fixes the compensation of special judges payable out of the State Treasury, by necessary implication prohibits the payment of additional compensation by a county. He also contends that the statute which permits a fiscal court to supplement the compensation of regular judges was not intended to, and does not, apply to special judges.

We agree with the county attorney. We find nothing in KRS 64.500 to indicate that the legislature intended it to apply to special judges. If the legislature had so intended, it very easily could have said so. This it has not done. Moreover, KRS 64.-500 refers specifically to KRS 64.490 which in turn refers only to regular judges; and the reference in the statute to annual compensation is to our mind a clear implication that it was not intended to apply to special judges. A special judge ordinarily is not thought of as serving on an annual basis.

The only statute which refers to compensation of special judges is KRS 23.290. So, their compensation is limited by that statute.

The judgment is reversed with directions to enter one in conformity with this opinion.